868 F.2d 1008
 Billy J. BURKE and Shirley Burke, Appellants,
v.
The WARNER & SWASEY COMPANY; Allied Signal, Inc.
Badger Construction Equipment Company, Appellee.
Midwestern Equipment Co., Inc., Wausau Insurance Companies,
Intervenor Below.
 No. 88-2274.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 21, 1989.
Decided March 2, 1989.
 
 Nicholas H. Patton, Texarkana, Tex., for appellants.
 Kent A. Gernander, Winona, Minn., for appellee.
 Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Billy J. and Shirley Burke appeal from the district court order granting summary judgment to defendant Badger Construction Equipment Company in the Burkes' diversity action to recover damages for injuries Billy Burke suffered while operating a crane manufactured by Warner & Swasey Company, Badger's predecessor in interest. We remand.
 
 
 2
 Burke was injured when the crane in question tipped over on February 15, 1986, while he was working at the Nekoosa Paper Company plant in Arkansas. Warner & Swasey had sold and shipped the crane to a retail distributor on May 31, 1978. On August 11, 1978, Badger entered into an agreement with Warner & Swasey to purchase certain assets and to assume liability for all products liability claims arising from the use of Warner & Swasey products shipped after that date.
 
 
 3
 The Burkes' amended complaint named Badger, Warner & Swasey, and Allied Signal Inc., another successor to Warner & Swasey, as defendants. The complaint alleged the manufacture and sale of a defective and unreasonably dangerous crane. It also set forth negligence theories against all of the defendants, alleging failure to inspect the crane, failure to install adequate warning devices, and failure to take corrective measures despite knowledge of the dangerous nature of the crane. The Burkes sought damages in excess of $14,000,000.
 
 
 4
 Badger moved for summary judgment. Badger characterized the suit as a products-liability/negligence-in-manufacture-and-sale action, and argued that Badger had not assumed any liability or obligation of Warner & Swasey with respect to products shipped before August 11, 1978, and that no other basis for Badger's liability had been alleged. The Burkes responded that, because discovery from Badger had not yet begun, summary judgment was premature and that Badger might have in its possession documents regarding the manufacture, design, sale, and distribution of the type of crane in question, and evidence of other similar accidents. The Burkes asserted that Badger continued to manufacture the identical crane involved in Burke's accident, even though it knew the crane was dangerous. They also argued that Badger knew the location of the crane Burke had been operating, thereby triggering a duty to warn known users. Thus, the Burkes argued that material factual issues remained.
 
 
 5
 The district court granted Badger's motion for summary judgment based upon the terms of the asset purchase agreement. Upon Badger's request, the district court certified its order as a final appealable order, and ordered entry of final judgment as to Badger. The order was entered on the district court docket sheet the same day.[1]
 
 
 6
 On appeal, the Burkes argue that the court erred in granting summary judgment because the complaint set forth viable allegations of negligence on the part of Badger which occurred after the agreement was signed, namely failure to inspect the crane, to warn known users of the "tip-over" danger, and to instruct owners regarding safe operation. Badger argues the Burkes raised their negligence claims against Badger for the first time on appeal and, accordingly, these claims should not be considered by this Court.
 
 
 7
 Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). Badger's motion for summary judgment and accompanying affidavit addressed only the products liability and negligence-in-manufacture-and-sale aspects of the complaint. Badger did not respond to Burke's claim that it had a duty to warn, to inspect, or to correct product defects. The district court's summary judgment order did not address these claims.
 
 
 8
 Badger incorrectly argues that Burke's negligence theories based on the duty to warn, to inspect or to correct defects were first raised on appeal. Both the amended complaint and the response to the motion for summary judgment contain assertions based on these claims of negligence. Because the amended complaint set forth a cause of action against Badger for negligence other than in the manufacture and sale of the crane, and this claim was not addressed by Badger's summary judgment motion, the issue of whether Badger owed a duty to inspect the crane or to warn operators as to the dangers of its use must be remanded to the district court.
 
 
 9
 Accordingly, we remand the matter to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 Contrary to Badger's argument on appeal, this order substantially complied with the Fed.R.Civ.P. 58 separate-document requirement. See St. Mary's Health Center of Jeffersonn City v. Bowen, 821 F.2d 493, 496 (8th Cir.1987)