873 F.Supp. 223 (1995)
Nelson DAVIS, Plaintiff,
v.
James Lee WITT, et al., Defendants.
No. 2:94CV14 GFG.
United States District Court, E.D. Missouri, Northern Division.
January 18, 1995.
*224 Arnold N. Shanberg, Kaplan and Shanberg, Kansas City, MO, Kenneth M. Chackes, St. Louis, MO, for plaintiff.
Eric T. Tolen, Asst. U.S. Atty., Office of U.S. Atty., St. Louis, MO, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on various motions.
Plaintiff filed suit against defendants Federal Emergency Management Agency *225 (FEMA) and insurance agent Robert L. Martin, individually and d/b/a Hawkins Insurance Agency (Hawkins), pursuant to the National Flood Insurance Act (NFIA), 42 U.S.C. §§ 4001-4129. Plaintiff later amended his complaint and substituted James Lee Witt, Director of FEMA, for the agency as a defendant. The government has filed a motion for summary judgment.
Certain facts are undisputed. Plaintiff owned a motel located in Brunswick, Missouri. The motel consisted of two buildings: one housing rental units and one serving as an office and plaintiff's residence. Plaintiff contracted with Hawkins to procure a flood insurance policy for his property from FEMA. Hawkin's agent, defendant Martin, completed the necessary forms and FEMA issued a Standard Flood Insurance Policy (SFIP) in the amount of $185,000.00 with a $750.00 deductible for a term from October 29, 1990, to October 29, 1991. The policy was renewed a number of times and the parties agree that plaintiff was covered by the policy when his property was flooded on July 7, 1993. Plaintiff filed a claim with FEMA under the policy. Plaintiff sought to recover damages in the amount of $163,969.00, less the deductible. FEMA approved in part and denied in part the claim and paid plaintiff $31,487.12.
The government argues that plaintiff maintained one flood insurance policy for a single family dwelling and that the policy only covered flood damage to plaintiff's residence and not damage to the building containing the rental units. The government explains that plaintiff's claim was for damage to his residence and motel and that the amount subsequently approved by FEMA reflects only the damage done to plaintiff's residence. The government seeks summary judgment on the grounds that it is not liable to plaintiff under the policy inasmuch as it has already paid plaintiff his due and that it is not liable for any damage resulting to plaintiff from the acts or omissions of defendant Martin because Martin is not an agent of FEMA. The Court agrees with the government and finds that it is entitled to summary judgment as a matter of law.
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c).
Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Anderson, 477 U.S. at 257, 106 S.Ct. at 2514; City of Mt. Pleasant v. Associated Electric Co-op., 838 F.2d 268, 273-74 (8th Cir.1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
The Court initially notes that federal law governs the interpretation of insurance policies issued pursuant to the National Flood Insurance Program. Sodowski v. National Flood Ins. Program, 834 F.2d 653, 655 (7th Cir.1987) (citations omitted). The purpose of the National Flood Insurance Program is to provide flood insurance on a uniform nationwide basis. Nelson v. Becton, 929 F.2d 1287, 1291 (8th Cir.1991). "To apply the varying reasonable expectations doctrines of the insurance laws of individual *226 states would `frustrate specific objectives of the Federal program[].'" Id. (quoting United States v. Kimbell Foods, Inc., 440 U.S. 715, 728, 99 S.Ct. 1448, 1458, 59 L.Ed.2d 711 (1979)). Because neither the statutory nor decisional law of any particular state is applicable, then the "traditional common law technique of decision by drawing upon standard insurance principals" should be applied. West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978), cert. denied, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979). Furthermore, because an insurance policy is a contract, its construction is a question of law and governed by basic contract rules. Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131, 134-35 (1st Cir.1984).
The Court recognizes the well-settled principle that insurance contracts are to be construed liberally in the insured's interest and strictly against insurer. Aschenbrenner v. U.S. Fidelity & Guar. Co., 292 U.S. 80, 84-85, 54 S.Ct. 590, 592-593, 78 L.Ed. 1137 (1934); Atlas, 725 F.2d at 136. However, in this case the policy language is clear and unambiguous. All flood insurance policies made available through FEMA are subject to the NFIA and to any regulations issued pursuant to the statute. 44 C.F.R. § 61.4(a). The statute and regulations contain the terms and conditions of every SFIP. 44 C.F.R. §§ 61.5(i), 61.13(a), 61 App. A(1). The terms include a definition of "building:" "[A] walled and roofed structure, other than a gas or liquid storage tank, that is principally above ground and affixed to a permanent site, including a manufactured (i.e., mobile) home on a permanent foundation." 44 C.F.R. §§ 59.1, 61 App. A(1). Furthermore, according to the SFIP, "[o]nly one dwelling building or unit, specifically described by you [insured] in the application, may be insured under this policy." 44 C.F.R. 61 App. A(1).
In this case, plaintiff secured only one SFIP for his property. The regulations indicate that two were needed to cover both the motel and the building serving as the office and plaintiff's residence.[1] In box no. 10 on an insurance application, an applicant indicates the type of building he wants to insure by checking off the appropriate designation. On plaintiff's insurance application, signed by plaintiff and defendant Martin, the designation checked was a single family residence. Plaintiff could have checked another designation labelled "non-residential (including hotel/motel)." (Def.'s Exh. A at 2).
Plaintiff argues that the government should have known that he was seeking to insure both buildings under one policy because: (1) a survey of the property showing the location of two buildings and polaroid pictures of the same accompanied the application, (Martin Aff. at 1-2); (2) the application, the subsequent policy, and all renewal endorsements reflect the insured as "Nelson Davis d/b/a Davis Motel," (Def.'s Exhs. A, C; Pl.'s Exh. 3); and (3) the amount of insurance secured ($180,000.00) was excessive and could not have been for just one building given local property values and in light of the value of the building claimed on the application ($45,000.00), (Hays Aff.; Def.'s Exh. A at 2). Citing Missouri law, plaintiff argues that these facts should have alerted FEMA that confusion surrounded plaintiff's application and policy. Plaintiff argues that FEMA had a duty to inspect the property and to ascertain the status of the insured. Plaintiff further argues that the government should now be estopped from arguing that policy coverage is any different from what the insured intended it to be at the outset. See Mo.Rev. Stat. § 379.140; DeWitt v. American Family Mut. Ins. Co., 667 S.W.2d 700 (1984). Therefore, policy coverage should have extended to both buildings with their assumed value equal to the amount of coverage, $180,000.00.
Plaintiff seeks to impose upon FEMA duties created by state law. Such arguments are irrelevant. As discussed above, this case is governed by federal law, not state law. Plaintiff has not pointed to any federal statutory *227 authority or any standard insurance principals that would justify imposing duties upon FEMA similar to those created under Missouri law. Therefore, the Court finds that the insurance policy in this case unambiguously provides coverage for only one building and that the covered building is the one serving as plaintiff's office and residence. The Court additionally finds that the amount paid to plaintiff reflected an adjuster's independent assessment of damage to the residence/office building and satisfied the government's obligation under the SFIP in this case. (Def.'s Exhs. filed Jan. 17, 1995.)
Furthermore, the government asserts that it cannot be held liable for the acts or omissions of defendant Martin on a theory of agency. The Court agrees. The Supreme Court has held that: "Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). The person dealing with the government, plaintiff in this case, is charged with knowing the authority legislatively delegated to the person with whom he is dealing whether that authority is vested by statute or published rules and regulations. Id. at 384-85, 68 S.Ct. at 3-4. According to federal regulations, a duly licensed property or casualty agent acts for the insured and does not act as agent for the federal government or FEMA. 44 C.F.R. § 61.5(e). Additionally, representations regarding the extent and scope of coverage which are inconsistent with NFIA and the regulations are void. 44 C.F.R. § 61.5(i). Therefore, the Court finds that defendant Martin is not an agent of the federal government. See also Lake Elsinore Recreation Area, Inc. v. Giuffrida, 1983 Fire & Casualty Cas. (CCH) 1525, 1528 (C.D.Cal. May 20, 1983).

JUDGMENT AND ORDER
Pursuant to the memorandum filed herein on this date,
IT IS HEREBY ORDERED that defendant's motion for summary judgment filed May 16, 1994, is granted.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of defendant James Lee Witt and against plaintiff.
IT IS FURTHER ORDERED that defendant's motion to dismiss filed May 16, 1994, is denied as moot.
IT IS FURTHER ORDERED that defendant's motion to dismiss, or in the alternative, for summary judgment, filed March 31, 1994, is denied as moot.
IT IS FURTHER ORDERED that defendant's motion to stay discovery is denied as moot.
IT IS FURTHER ORDERED that on or before February 10, 1995, plaintiff shall show cause why this case should not be dismissed for lack of jurisdiction.
NOTES
[1] The regulations indicate that a single policy may be secured to cover more than one building if such an application is "made on a form or in a format approved for that purpose by the Federal Insurance Administrator." 44 C.F.R. 61 App. A(1). Neither party argues the applicability of this section to the extent that no evidence in this case exists that plaintiff or defendant Martin tried to follow a special form or format for the purpose of securing a policy covering more than one building.