_____

No. 95-1743EM
_____

Gregory Davis, Personal          *
Representative of the Estate     *
of Nelson Davis, Deceased,       *
                                 *
          Appellant,             *
                                 *     Appeal from the United States
     v.                          *     District Court for the Eastern
                                 *     District of Missouri.
James Lee Witt, Director of the  *
Federal Emergency Management     *
Agency; Robert L. Martin, doing  *
business as Hawkins Insurance    *
Agency, individually,            *
                                 *
          Appellees.             *
                          _____

               Submitted:  December 14, 1995

                 Filed:  April 10, 1996
                          _____

Before FAGG, GARTH,* and WOLLMAN, Circuit Judges.
                          _____

FAGG, Circuit Judge.

     Nelson Davis owned and operated a small motel near Brunswick, Missouri.  Davis's motel property consisted of two separate buildings.  One building contained Davis's office and residence, and the other building had several motel rooms.  After both buildings were destroyed by a flood in 1993, Davis filed a claim for insurance benefits under his federal flood insurance policy.  The Federal Emergency Management Agency (FEMA) paid for the damage to Davis's residence, but denied coverage for the motel building.  Davis then brought this action against FEMA.  See 42 U.S.C. § 4072

_____

     *The HONORABLE LEONARD I. GARTH, United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

(1988).  The district court decided FEMA properly denied coverage and granted FEMA's motion for summary judgment.  Although Davis died shortly after taking this appeal, we refer to Davis in this opinion as if death had not occurred.  See Fed. R. App. P. 43(a).

The district court concluded only one of Davis's buildings could be insured under the terms of his policy, which provides, "Only one building [described by the applicant] may be insured under this policy, unless application to cover more than one building is made on a form or in a format approved for that purpose by [FEMA]."  44 C.F.R. § 61 app. A(1) (1993); see Davis v. Witt, 873 F. Supp. 223, 226 (E.D. Mo. 1995).  Because Davis marked a box on his application that described his property as a single family residence, the district court decided FEMA only had to pay for the flood damage to Davis's residence.  Davis, 873 F. Supp. at 226.

Contrary to the district court's view, Davis asserted in his complaint and in his response to FEMA's motion for summary judgment that he complied with the terms of his policy because an application "to cover more than one building [was] made on a form or in a format approved for that purpose by [FEMA]."  44 C.F.R. § 61 app. A(1) (1993).  According to the undisputed affidavit of Davis's insurance agent, Robert Martin, Martin told a FEMA representative that Davis wanted flood insurance for both buildings on Davis's property, the FEMA representative helped Martin complete Davis's application form "block by block," and the representative indicated that Davis's application would obtain coverage for both buildings.  Like FEMA's motion, the district court's summary judgment order did not pay any attention to Davis's claim that FEMA had approved the form Martin used to insure more than one building.  Thus, we must reinstate and remand this claim to the district court.  Burke v. Warner & Swasey Co., 868 F.2d 1008, 1010 (8th Cir. 1989).  We do note, however, the district court properly decided Davis cannot recover on his reasonable expectations claim, see Nelson v. Becton, 929 F.2d 1287, 1291 (8th Cir. 1991), or on his

-2-

claim that Martin was FEMA's agent, see 44 C.F.R. 61.5 (i) (1993). Having reinstated Davis's federal claim, we also reinstate Davis's supplemental state law claim against Martin. See 28 U.S.C. § 1367(c)(3) (1994).

Accordingly, we vacate the district court's summary judgment order and remand for further proceedings consistent with this opinion.

GARTH, Circuit Judge, concurring.

I concur in the court's opinion and write separately to express my concern with the district court's having rendered summary judgment in this case before it resolved the outstanding discovery matters. See, e.g., Fed. Rule Civ. Proc. 56(f). The Supreme Court has stated: "In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Thus, "[s]ummary judgment may not be granted if the nonmoving party has had inadequate time to conduct discovery." United States v. Bliss, 667 F. Supp. 1298, 1311 (E.D. Mo. 1987).

In the instant case, although Davis had timely sought discovery, the district court did not permit discovery to be completed prior to entering summary judgment for FEMA. On July 11, 1994, only weeks after Davis sought discovery, FEMA moved to stay all discovery pending the district court's ruling on the summary judgment motion. This motion prevented the conduct of any discovery or responses to any discovery requests until such time as the district court ruled on the motion. Davis did the only thing he could under the circumstances. He opposed FEMA's motion and waited for the district court's ruling. However, the district

court never ruled on the motion to stay discovery prior to ruling on the summary judgment motion. FEMA's motion to stay discovery was pending before the district court for seven months prior to its summary judgment ruling. The district court's failure to resolve the motion for stay (and thus the issue of discovery) prior to ruling on the summary judgment motion, was an abuse of discretion.

It may be that if discovery had been allowed to proceed, as I assume it will proceed on remand, Davis's claims might well have been fleshed out. An explanation, not yet afforded, could be forthcoming as to why, among other things, Davis's insurance coverage was increased from $180,000 to $185,000 and why FEMA accepted premiums for two and a half years for $185,000 of coverage but now claims that only about $40,000 can be considered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-