FAGG, Circuit Judge.
Nelson Davis owned and operated a small motel near Brunswick, Missouri. Davis’s motel property consisted of two separate buildings. One building contained Davis’s office and residence, and the other building had several motel rooms. After both buildings were destroyed by a flood m 1993, Davis filed a claim for insurance benefits under his federal flood insurance policy. The Federal Emergency Management Agency (FEMA) paid for the damage to Davis’s residence, but denied coverage for the motel building. Davis then brought this action against FEMA See 42 U.S.C. § 4072 (1988). The district court decided FEMA properly denied coverage and granted FEMA’s motion for summary judgment. Although Davis died shortly after taking this appeal, we refer to Davis in this opinion as if death had not occurred. See Fed. RApp. P. 43(a).
The district court concluded only one of Davis’s buildings could be insured under the terms of his policy, which provides, “Only one building [described by the applicant] may be insured under this policy, unless application to cover more than one building is made on a form or in a format approved for that purpose by [FEMA].” 44 C.F.R. § 61 app. A(1) (1993); see Davis v. Witt, 873 F.Supp. 223, 226 (E.D.Mo.1995). Because Davis marked a box on his application that described his property as a single family residence, the district court decided FEMA only had to pay for the flood damage to Davis’s residence. Davis, 873 F.Supp. at 226.
Contrary to the district court’s view, Davis asserted in his complaint and in his response to FEMA’s motion for summary judgment that he complied with the terms of his policy because an application “to cover more than one building [was] made on a form or in a format approved for that purpose by [FEMA].” 44 C.F.R. § 61 app. A(l) (1993). According to the undisputed affidavit of Davis’s insurance agent, Robert Martin, Martin told a FEMA representative that Davis wanted flood insurance for both buildings on Davis’s property, the FEMA representative helped Martin complete Davis’s application form “block by block,” and the representative indicated that Davis’s application would obtain coverage for both buildings. Like FEMA’s motion, the district court’s summary judgment order did not pay any attention to Davis’s claim that FEMA had approved the form Martin used to insure more *91 than one building. Thus, we must reinstate and remand this claim to the district court. Burke v. Warner & Swasey Co., 868 F.2d 1008, 1010 (8th Cir.1989). We do note, however, the district court properly decided Davis cannot recover on his reasonable expectations claim, see Nelson v. Becton, 929 F.2d 1287, 1291 (8th Cir.1991), or on his claim that Martin was FEMA’s agent, see 44 C.F.R. 61.5(i) (1993). Having reinstated Davis’s federal claim, we also reinstate. Davis’s supplemental state law claim against Martin. See 28 U.S.C. § 1367(e)(3) (1994).
Accordingly, we vacate the district court’s summary judgment order and remand for further proceedings consistent with this opinion.